IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JASON DEVERS,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

8:23CV188

MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Jason Devers's Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure, Rule 59(e), Filing No. 25; Motion for Subpoena Duces Tecum, Filing No. 16; and Motion for Copies, Filing No. 27. For the reasons stated below, the Motion for Copies will be granted; the remaining motions will be denied.

## I. MOTION TO ALTER OR AMEND JUDGMENT

Petitioner challenges the Court's Memorandum and Order, Filing No. 23 (the "Dismissal Order"),[1] that dismissed with prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. The factual and procedural background of this case is set forth in the Dismissal Order and is incorporated herein by reference. See Filing No. 23 at 1-13.

Briefly stated, Petitioner was convicted of first-degree felony murder and use of a deadly weapon to commit a felony in connection with the death of Kyle LeFlore. Filing No. 23 at 7. The prosecution's theory was that Petitioner aided and abetted Larry Goynes

---

[1] Petitioner styles the motion as challenging a "May 28, 2025" Order, Filing No. 25 at 1, but the operative dismissal order was entered on March 28, 2025. See Filing No. 23 at 24. The Court construes the motion as challenging the March 28, 2025, Order.

in robbing and shooting LeFlore.  *Id*.  Charges against Goynes were separately dismissed.  *See id*.  Following unsuccessful direct appeal and state postconviction proceedings, Petitioner filed the Petition in this case asserting, as his surviving claim (Claim Three), that appellate counsel was ineffective by failing to raise trial counsel's failure to present evidence of the dismissal of the charges against Goynes.  Filing No. 23 at 9-10.  The Court denied the Petition on the merits after analyzing Petitioner's claims under *Strickland v. Washington*, 466 U.S. 668 (1984).  Filing No. 23 at 18-20.

## A.  Standard of Review

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022).  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  *Id*.  "[T]he district court has 'considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored . . . .'"  *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (2009)).  Petitioner advances several arguments in support of his Rule 59(e) motion.  The Court finds that none meet the high bar for a Rule 59(e) motion.

## B.  Whether the Court Applied the Correct Standard of Review

Petitioner's first argument is that the Court failed to apply a pre-AEDPA de novo standard of review to Claim Three because, as all parties agree, Nebraska courts never adjudicated that claim on the merits.  Filing No. 25 at 4–5.  However, it is well established that even if a petitioner's claim was not adjudicated on the merits in state court, the district court need not resolve which standard applies if the petitioner fails under either standard.

2

*See Gary v. Dormire*, 256 F.3d 753, 756 n.1 (8th Cir. 2001) (declining to resolve standard-of-review question where petitioner failed under both post-AEDPA and pre-AEDPA standards); *Robinsons v. Crist*, 278 F.3d 862, 865-66 (8th Cir. 2002) (declining to resolve standard-of-review question "because Robinson cannot demonstrate he is entitled to relief even under the more liberal pre-AEDPA standard of review for prosecutorial misconduct claims.").

Under the pre-AEDPA standard, Petitioner "must demonstrate a 'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged" error. *Robinsons*, 278 F.3d at 866 (quoting *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir.1987) (en banc)). As stated in the Dismissal Order, Claim Three failed on the merits because the dismissal of Goynes' charges was legally irrelevant to Petitioner's aiding-and-abetting conviction under Nebraska law. *See* Filing No. 23 at 19-20. Petitioner has not shown that this conclusion would be different under the pre-AEDPA standard.

Additionally, the Court's analysis was not, as Petitioner suggests, simply an extension of deference to a state court ruling on an unadjudicated claim. The Court independently evaluated Claim Three under *Strickland v. Washington*, and applied that standard directly to the facts of record and the controlling legal framework. *See* Filing No. 23 at 18-20. Accordingly, even a de novo application of *Strickland* would not alter the outcome and the Dismissal Order was not manifestly erroneous.

## C. Reliance on State Court Interpretation of State Law

Petitioner also suggests that the Court erroneously afforded deference to the Nebraska Supreme Court's ruling on a claim that court never adjudicated on the merits.

Filing No. 25 at 4. However, as stated above, the Court's conclusion that Claim Three lacked merit did not rest on deference to any state court determination about that specific claim. Rather, it rested on the Nebraska Supreme Court's statutory interpretation of Nebraska's aiding-and-abetting statute, Neb. Rev. Stat. § 28-206, and the application of that interpretation to the undisputed facts of record. *See* Filing No. 23 at 19.

When interpreting a state's statutes, federal courts must "take our guidance from decisions of the state's highest court, which we treat as binding." *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 866 (8th Cir. 2024). As noted in the Dismissal Order, the Nebraska Supreme Court determined that "[b]y statute, all persons involved in the commission of a crime, as aider, abettor, procurer, or the one committing the act, are considered principals." *See* Filing No. 23 at 19 (citing *State v. Devers*, 986 N.W.2d 747, 755 (Neb. 2023). Though the Nebraska Supreme Court stated this principle in Petitioner's case, it is a general construction of state law to which this Court owes deference. The Court's conclusion that Goynes' dismissal was irrelevant to Petitioner's conviction follows from that construction. Accordingly, the Court did not impermissibly defer to the Nebraska Supreme Court's adjudication of Claim Three and Petitioner has not identified a manifest error of law.

**D. Standard of Proof Under Strickland**

Petitioner appears to argue that the Court incorrectly required him to demonstrate more than a "conceivable effect" on the outcome of his proceedings. Petitioner contends that the Court's standard of proof for prejudice went beyond the Eighth Circuit's decision in *Foster v. Lockhart*, 9 F.3d 722 (8th Cir. 1993). *See* Filing No. 25 at 7. In *Foster*, the Eighth Circuit instructed that to show prejudice due to counsel's ineffectiveness, a

petitioner must show a "reasonable probability" that the petitioner would not have been found guilty but for counsel's deficient performance. *Foster*, 9 F.3d at 725-26. Reasonable probability means "a probability sufficient to undermine confidence in the trial's outcome." *Id*. Petitioner presumably argues that the Court effectively required proof of acquittal rather than a probability sufficient to undermine the outcome of the trial.

This argument misreads the Court's Dismissal Order. The Court noted that Petitioner must "show more than that the alleged error had some conceivable effect on the outcome of the proceeding." Filing No. 23 at 19 (citing *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997)). This "conceivable effect" consideration does not raise the standard of proof under *Strickland*; rather, it defines the floor below which a showing is insufficient. *See Strickland*, 466 U.S. at 693 ("[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."); *Pryor*, 103 F.3d at 713 (same). The Court thus recognized that Petitioner must show more than a conceivable effect, which is consistent with the *Strickland* standard described in *Foster*. The Court concluded that Petitioner had not shown a reasonable probability of a different outcome, not that he had failed to guarantee acquittal.

Moreover, Claim Three challenges the performance of appellate counsel, which imposes an additional showing. As noted in the Dismissal Order, Petitioner must demonstrate "a reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." *Pryor*, 103 F.3d at 714. The Court considered these requirements in light of *Strickland* and Nebraska's interpretation of Nebraska law. Accordingly, the Court's application of the standard of proof for prejudice was not manifestly erroneous.

### E.  Significance of Goynes' Dismissal

Petitioner argues that the Court impermissibly underestimated the significance that the jury would place on evidence of the dismissal of Goynes' murder charges.  *See* Filing No. 25 at 7-8.  He contends that because the prosecution told the jury that Goynes killed Kyle LaFlore "beyond a reasonable doubt," Filing No. 25 at 7, evidence of the subsequent dismissal of those charges would have directly contradicted the State's theory and created a reasonable probability of a different outcome, Filing No. 25 at 8.

Petitioner relies on *State v. Muhammad*, No. A-11-890, 2012 WL 1948473 (Neb. Ct. App. May 29, 2012).  In *Muhammad*, the Nebraska Court of Appeals granted an evidentiary hearing because "Muhammad has alleged facts which, if true, would suggest that his trial counsel failed to pursue evidence that would have supported his defense and would have contradicted the State's assertions and evidence at trial."  *Id*., at *4.  But *Muhammad* is distinguishable.  In that case, the state postconviction movant showed that nondisclosed evidence would have assisted the movant's defense by "contradicting the State's evidence that Muhammad was involved in the theft of the property and by indicating that other potential suspects, instead of Muhammad, may have been involved."  *Id*., at *3.

In contrast, dismissal of Goynes' charges did not undermine any element the prosecution was required to prove against Petitioner under Nebraska's aiding-and-abetting framework.  As noted above and in the Dismissal Order, under Nebraska law, a person may be convicted of aiding and abetting a crime "even when the principal offense goes uncharged."  Filing No. 23 at 20 (quoting *United States v. Slatten*, 865 F.3d 767, 794 (D.C. Cir. 2017)); *see also United States v. Borders*, 829 F.3d 558, 565 (8th Cir.

6

2016).  It was not necessary for the prosecution to establish the identity of the principal. *Devers*, 986 N.W.2d at 755.  Accordingly, the prosecution's evidence that Petitioner arranged the robbery and facilitated Goynes' escape remained unaffected by any action taken in Goynes' separate case, including dismissal of the charges.  Petitioner has not shown that the Court misapprehended those facts or misapplied the law.

## F.  Petitioner's Right to Due Process

Finally, Petitioner implies that the Court's decision ignored Petitioner's due process right to present evidence of Goynes' dismissal, or at least erred in failing to directly address that right.  *See* Filing No. 25 at 6.  However, the Court did not hold that evidence of the Goynes dismissal was inadmissible or that Petitioner had no right to present it. Instead, the Court held that, even assuming such evidence could have been presented, Petitioner failed to show a reasonable probability that it would have changed the outcome of his trial.  Filing No. 23 at 20.

The applicable prong of the *Strickland* prejudice inquiry does not depend on whether Petitioner had a constitutional right to present the evidence.  A defendant's right to present a defense does not, on its own, establish that counsel's failure to exercise that right resulted in prejudice under *Strickland*.  *See, e.g., White v. Kelley*, 824 F.3d 753, 757–58 (8th Cir. 2016); *Taylor v. Kelley*, 825 F.3d 466, 471 (8th Cir. 2016); *Fisher v. United States*, 797 F. Supp. 3d 949, 955 (S.D. Iowa 2025).  Because Petitioner's due process argument goes to the admissibility of the evidence and not to whether its omission was prejudicial, it does not alter the Court's analysis and does not warrant relief under Rule 59(e).

7

Upon review of Petitioner's arguments, the Court determines Petitioner has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's Dismissal Order or judgment of dismissal.  He has not shown that the judgment was the result of manifest error of law or fact.  Thus, Petitioner has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e).

### G.  Certificate of Appealability

In the alternative, Petitioner requests that the Court issue a certificate of appealability.  As noted in the Dismissal Order, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).  The Court declines to issue a certificate of appealability for the reasons set forth in the Dismissal Order.  Filing No. 23 at 23.  This Court's denial of a certificate of appealability, however, does not preclude Petitioner from proceeding to the circuit court and requesting a circuit judge to issue the certificate under 28 U.S.C. § 2253(c).  *See also* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").

### III.  MOTION FOR SUBPOENA DUCES TECUM

Petitioner filed a Request for an Order for Subpoena Duces Tecum Pursuant to Fed. R. Crim. Pro. 17, Filing No. 26.  Petitioner seeks cell site location records related to his Verizon phone number for January 2018.  Filing No. 26 at 1-2. Petitioner invokes Federal Rule of Criminal Procedure 17(c) as the basis for the request and contends that the records will demonstrate that the FBI CAST unit's cell site location testimony at his

trial was inaccurate or falsified. Filing No. 26 at 2. Petitioner's request must be denied for several reasons, not the least of which is that the Petition has already been dismissed.

First, Rule 17 of the Federal Rules of Criminal Procedure does not apply in a civil habeas proceeding under 28 U.S.C. § 2254. *See* Fed. R. Crim. P. 1(a)(1) (limiting application of criminal rules to "criminal proceedings"). Habeas proceedings are civil in nature, and are governed by the Rules Governing Section 2254 Cases in the United States District Courts, *see Banister v. Davis*, 590 U.S. 504, 504 (2020), not the Federal Rules of Criminal Procedure. Petitioner's invocation of Rule 17 is therefore without legal foundation.

Additionally, even construed liberally as a motion for discovery under Rule 6 of the Rules Governing Section 2254 Cases, the motion would fail. Rule 6(a) provides that a court "may, for good cause, authorize a party to conduct discovery." Good cause requires a showing "that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to [habeas] relief." *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (internal quotation omitted). Petitioner cannot make that showing here because the cell site location evidence he seeks to challenge was not the basis for his habeas petition. Because that claim was not presented in Petitioner's § 2254 Petition, it is not properly before this Court at this stage of the proceeding.[2] Accordingly, Petitioner's Request for a Subpoena Duces Tecum, Filing No. 26, is denied.

---

[2] Even if the request were somehow appropriate at this stage, the Verizon letter attached to Petitioner's own filing confirms that call detail records and tower location information are retained for only 365 days. Filing No. 26 at 6. Because more than seven years have passed since the murder at issue, the records would no longer exist.

## IV.  MOTION FOR COPIES

Petitioner's final motion seeks free copies of Filing No. 25 and Filing No. 26—his Motion to Alter or Amend and his Request for a Subpoena Duces Tecum, Filing No. 26. Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Petitioner is proceeding in forma pauperis here, and, upon consideration, the Court will grant Petitioner's requests given his limited financial resources to pay for his own copies. *See* Filing No. 27 at 1; *Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need.").  Accordingly, the Court will grant Petitioner's motion and direct the Clerk to provide Petitioner with a copy of his Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure, Rule 59(e), Filing No. 25; and Motion for Subpoena Duces Tecum, Filing No. 16.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure, Rule 59(e), Filing No. 25, is denied.

2.    Petitioner's Request for an Order for Subpoena Duces Tecum, Filing No. 26, is denied.

3.    Petitioner's Motion for Copies, Filing No. 27, is granted.  The Clerk of Court is directed to provide Petitioner with a copy of his Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure, Rule 59(e), Filing No. 25; and Motion for Subpoena Duces Tecum, Filing No. 26.

Dated this 20th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11